USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 3, 2015

**ROBERT J. BOYLE**
Attorney At Law
277 Broadway
Suite 81501
New York, N.Y.  10007
(212)431-0229
Rjboyle55@gmail.com

December 3, 2015

The Honorable Katherine Polk Failla
United States District Judge
40 Centre St.
New York, N.Y.  10007

        Re: *Jenkins v. Charles*
        13 Civ. 3405 (KPF)

Dear Judge Failla:

    Please accept this letter as a motion to limit the defendants' cross examination of witness Jennifer Hamilton regarding a prior misdemeanor conviction.

    In or about 2009 Ms. Hamilton was convicted, upon a plea of guilty, of violating N.Y.P.L. § 170.20, criminal possession of a forged instrument in the third degree, a class A misdemeanor.  She was sentenced to a conditional discharge.

    Plaintiff has no objection to the defendants' eliciting from Ms. Hamilton that she has been convicted of a crime, the name of the crime, i.e. criminal possession of a forged instrument in the third degree, that it is a Class A misdemeanor and that she received a conditional discharge.  In addition, the defendants have indicated that they would not cross examine her about the crime's underlying facts.

    Our disagreement arises over the fact that the defendants intention to cross examine Mr. Hamilton as to the "elements" of the offense.  Plaintiff objects for the following reasons.

    N.Y.P.L. § 170.20 provides that a person is guilty of criminal possession of a forged instrument in the third degree when "with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument." Neither Ms. Hamilton's plea transcript nor the sentencing transcript have been produced. Thus, it is not known what she in fact said during the plea proceeding.  In New York State court, a defendant typically states what they did when pleading guilty.  It is then up to the Court and/or District Attorney to determine whether the allocution made out the elements of the offense.  Ms. Hamilton may not know, or may not remember, whether the

The Hon. Katherine Polk Failla
December 3, 2015

"elements" of the offense were explained to her and/or which prong of the statute provided the basis for the plea.  For example did she intend to "defraud", "deceive" or "injure" another?  It would be prejudicial to pose such questions to Ms. Hamilton.  She is not a lawyer and likely does not know the legal elements of the offense.  If she answers "I don't know" to the questions suggested by the defendant she will appear evasive.

The jury will know that Ms. Hamilton has been convicted of a crime and that the crime involved a "forged" instrument.  For the reasons stated *supra*., the probative value of any additional questioning regarding that offense is substantially outweighed by the potential for prejudice.  Fed.R.Evid. 403.  Accordingly it is respectfully requested that the defendants be prohibited from cross examining Ms. Hamilton concerning the elements of the offense.

Thank you for your kind attention to this matter.

Respectfully submitted,

ROBERT J. BOYLE
GIDEON OLIVER
Attorneys for Plaintiff

cc: Defense Counsel (via ECF)

The Court will hear from the parties on the scope of Defendants' cross of Ms. Hamilton in regards to her prior conviction on the morning of Monday, December 7, 2015, prior to the start of voir dire.

Dated:   December 3, 2015
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE