

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

TAVISH C. DEATLEY
*Assistant Corporation Counsel*
Phone: (212) 356-2409
Fax: (212) 356-1148
Email: tdeatley@law.nyc.gov

December 8, 2015

**BY ECF**
Honorable Katherine P. Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:  Norman Jenkins v. P.O. Victor Charles, et. al.
            13 Civ. 3405 (KPF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendants Victor Charles, Robert Agate and Ramiro Ruiz in the above-referenced matter. Defendants write for three reasons: (1) to provide the Court with proposed language regarding the charges on Obstructing Governmental Administration and Trespass;[1] (2) to advise the Court of a potential issue regarding the order of witnesses; and (3) to respectfully request an extension of time to provide proposed special interrogatories as to qualified immunity until after the conclusion of plaintiff's testimony.[2]

      With respect to the proposed charges, defendants request the following language:

> A person is guilty of Obstruction of Governmental Administration in the Second Degree when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force, or interference. Under New York State Law, physically resisting an

---

[1] Defendants withdraw their request for a charge on attempted assault on a police officer.

[2] Defendants are proceeding under the assumption that trial will proceed, as scheduled, on December 8, 2015.

officer's attempt to conduct a lawful stop provides probable cause to arrest a citizen for Obstructing Governmental Administration.[3]

A person is guilty of trespass when knowingly enters or remains unlawfully in or upon premises.[4] A person who is neither a resident nor the guest of a resident is not permitted to enter or be present on New York City Housing Authority Property.

Second, defendants advise the Court that they intend to object if plaintiff attempts to call Doctor Torgovnick tomorrow morning prior to finishing plaintiff's testimony. Defendants will be prejudiced if Doctor Torgovnick testifies prior to plaintiff fully testifying on direct and cross examination about his injuries for two reasons. First, they will be unable to fully cross-examine Dr. Torgovnick without knowing what plaintiff's testimony is regarding his injuries, and second, if plaintiff testifies after the Doctor, he would be able to conform his testimony to match that of Dr. Torgovnick.[5]

Third, given the fact that we have yet to finish plaintiff's direct examination, defendants believe special interrogatories are premature because it is not yet clear which facts are in dispute and for what facts there is a good-faith basis about which to ask the jury. Defendants request that they be permitted to submit proposed special interrogatories after the conclusion of plaintiff's testimony.

Defendants thank the Court for its time and attention in this matter.

Respectfully submitted,

/s/

Tavish C. DeAtley , Esq.
*Attorney for defendants*
Assistant Corporation Counsel

CC BY ECF
All counsel of record

---

[3] See Decker v. Campus, 981 F. Supp. 851, 857 (S.D.N.Y. 1997); see also Rasmussen v. City of New York, 766 F. Supp. 2d 399, 403 (E.D.N.Y. 2011).

[4] N.Y. Pen. L. § 140.05.

[5] Additionally, given the significant cost of an expert witness's testimony, and in light of today's events, it may be advisable to determine whether this case will in fact proceed beyond plaintiff's testimony before plaintiff incurs the cost of an expert witness.