USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                         :
NORMAN JENKINS,                               :
                                                         :
                             Plaintiff,      :
                                                          :
                     -v-                          :                13-CV-3405 (VSB)
                                                          :
NEW YORK CITY POLICE DEPARTMENT, :      **MEMORANDUM & DECISION**
*et al.*,                                                       :
                                                          :
                             Defendants.  :
                                                           :
------------------------------------------------------------X

Appearances:

Amy B. Marion
Alexander R. Klein
Barket Marion Epstein & Kearon, LLP
Garden City, New York
*Counsel for Plaintiff*

Brian J. Farrar
Dara L. Weiss
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff Norman Jenkins' motion for leave to amend his complaint to add new defendants, employed by the New York State Division of Parole (the "Parole Defendants"), to his 42 U.S.C. § 1983 action. (Doc. 143.) Because the motion was filed after the completion of discovery and the denial of summary judgment, and because allowing amendment would cause significant prejudicial delay, Plaintiff's motion is denied.

I.     **Background and Procedural History**[1]

Plaintiff's claims stem from his May 22, 2010 arrest for assault on a police officer, resisting arrest, criminal possession of a controlled substance in the fifth degree, and unlawful possession of marijuana.  *Jenkins*, 2015 WL 4660899, at *1–2.  (*See* Prop'd Am. Compl.)[2] Plaintiff filed his complaint on May 20, 2013, a few days short of the three-year statute of limitations period, against three officers of the New York City Police Department (the "NYPD Defendants") and five John and Jane Does, identified in the complaint as individuals "employed as and acting as NYPD Officers and/or supervisors."  (*See* Doc. 1 ¶ 11.)

After the completion of discovery, the NYPD Defendants moved for summary judgment, and on August 6, 2015, Judge Failla, to whom this case was previously assigned, issued a decision denying the NYPD Defendants' motion.  *See Jenkins*, 2015 WL 4660899.  Judge Failla then set a trial date for December 7, 2015, (Doc. 63), and trial began as scheduled on that date, (*see* Dkt. Entry Dec. 7, 2015).  However, because Plaintiff failed to make timely appearances for trial, made outbursts necessitating the dismissal of the jury, and failed to comply with the rules of the Court, Judge Failla granted the NYPD Defendants' motion to dismiss the case for failure to prosecute on December 11, 2015.  (*See* Doc. 104.)

Approximately two months later, on February 10, 2016, Plaintiff—now pro se—moved for reconsideration of Judge's Failla's dismissal.  (Doc. 113.)  Plaintiff's former counsel's motion to withdraw as Plaintiff's attorneys was granted two days later, on February 12.  (Doc. 116.)  After the motion for reconsideration was fully briefed, on May 16, 2016, construing

---

[1] The factual background of this case is more fully set forth in the Opinion and Order of Judge Katherine Polk Failla denying Defendants' motion for summary judgement, *see Jenkins v. N.Y. City Police Dep't*, No. 13 Civ. 3405KPF, 2015 WL 4660899, at *1–2 (S.D.N.Y. Aug. 6, 2015), the familiarity with which is assumed.

[2] "Prop'd Am. Compl." refers to the Corrected Proposed First Amended Complaint, filed on January 3, 2017.  (Doc. 143-1.)

2

Plaintiff's motion as a motion for relief from a final judgment or order pursuant to Federal Rule of Civil Procedure 60(b), Judge Failla granted Plaintiff's motion, (Doc. 125), and on May 17 the case was reassigned to my docket, (Dkt. Entry May 17, 2017).

On June 27, 2016, Plaintiff submitted a letter requesting, among other things, that I reconsider Judge Failla's decision in her summary judgment opinion dismissing the John and Jane Doe Defendants.  (Doc. 127.)  I set a status conference to address this issue, among others.  (Doc. 130.)  On August 29, 2016, new counsel filed a notice of appearance on behalf of Plaintiff, (Doc. 137), and after granting Plaintiff's subsequent request for an adjournment of the status conference, I held a status conference in this matter on October 19, 2016, (Dkt. Entry Oct. 19, 2016).  During the conference, Plaintiff indicated his intention to move to amend his complaint, and a schedule was set for that motion.

In accordance with the deadlines set at the status conference, Plaintiff filed his motion to amend seeking to add the Parole Defendants, with accompanying papers, on December 19, 2016.[3]  (Doc. 140.)  On January 5, 2017, the NYPD Defendants filed their opposition, (Doc. 145), and on March 7, 2017, Plaintiff filed his reply, (Doc. 150).

## II.     Applicable Law

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be granted "when justice so requires." *See A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 315 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 15(a)(2)).  However, "[l]eave to amend, though liberally granted, may properly be denied for:  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

---

[3] Due to a filing error, the motion was not successfully filed on the docket until January 3, 2017.  (Docs. 143–44.)

amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). The "nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586 (LAK)(GWG), 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014) (citation omitted). Absent a showing of bad faith or undue prejudice, however, "[m]ere delay . . . does not provide a basis for the district court to deny the right to amend." *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). "A decision to grant or deny a motion to amend is within the sound discretion of the trial court." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998).

"Prejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend." *Frenkel v. New York City Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) (quoting *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)). In determining whether there is prejudice, courts consider whether amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (citation omitted); *see also A.V.E.L.A.*, 34 F. Supp. 3d at 317. Courts are "particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment." *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726–27 (2d Cir. 2010); *Krumme*, 143 F.3d at 88; *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

### III.   Discussion

In moving to amend, Plaintiff argues that (1) amendment would not be futile, particularly

considering Judge Failla's decision denying summary judgment and acknowledging relevant questions of fact, (Pl.'s Mem. 10–12);[4] (2) the delay here does not provide a basis for denial and there is no prejudice resulting from the delay, as evidence has been maintained and witnesses have already testified, (*id.* 12–13); (3) with respect to prejudice to the NYPD Defendants as opposed to the Parole Defendants, the NYPD Defendants "would only be slightly disadvantaged in as much the time which would be necessary for the litigation/discovery to take place as to the Parole actors," (*id.* 13–14); and (4) Parole's continuing conduct tolls the statute of limitations, (*id.* 15). Plaintiff's justification for the delay in seeking to amend rests in large part on his stated belief that the Parole Defendants whom he now seeks to add were already a part of this lawsuit, as well as the alleged neglect of his prior attorney in patently ignoring his repeated complaints about Parole's responsibility, failing to amend the complaint, and informing Plaintiff that his claims were barred. Simultaneously, Plaintiff claims that the generality of the initial complaint in referring to "defendants," as well as the inclusion of John and Jane Doe defendants, led him to conclude that the complaint included those parole officers and supervisors, notwithstanding that the complaint defined the John and Jane Does as "NYPD officers and/or supervisors." (*Id.* 2.)

In light of the elapsed time since the filing of the complaint, the completion of discovery, Judge Failla's denial of summary judgment, and the commencement of trial, in response, the NYPD Defendants focus on the prejudice to them by the necessary prolonging of this case's resolution if I were to grant Plaintiff's motion to amend. (*See* Defs.' Opp.)[5] I agree. I find allowing amendment of the complaint would significantly delay the resolution of this dispute such that the NYPD Defendants would experience prejudice were I to grant Plaintiff leave to

---

[4] "Pl.'s Mem." refers to Plaintiff's Memorandum of Law in Support of Motion to Amend Pleadings. (Doc. 144.)

[5] "Defs.' Opp." refers Defendants Victor Charles, Ramiro Ruiz and Robert Agate's memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint. (Doc. 145.)

amend.  In fact, Plaintiff's proposed amendment would effectively require restarting this case, as each claim already litigated extensively through discovery, motion practice, and trial would have to again proceed through discovery and motion practice by the Parole Defendants.  Plaintiff's claim that the NYPD Defendants "would only be slightly disadvantaged" is not supported by the facts and circumstances of this case.  Similarly, Plaintiff's belief that the Parole Defendants were already part of this case as well as the purported inaction by his prior attorneys do not alter my determination that the NYPD Defendants would be prejudiced if I permitted Plaintiff to amend his complaint.

Plaintiff's citation to *Daniels v. Loizzo* as support for the conclusion that the delay in this case is "acceptable," (Pl.'s Mem. 12–13), is misplaced, as that case involved an attempt to add new claims relating closely to the initial allegations such that the additional discovery could be resolved prior to the existing discovery deadline in the case, and did *not* involve an attempt to add entirely new defendants.  *See* 174 F.R.D. 295, 298–99 (S.D.N.Y. 1997).  As the NYPD Defendants note, the length of time that was necessary to litigate this case from filing until trial was two and a half years.  There is little or no reason to believe that the same amount of time would not be necessary to litigate this case again against the Parole Defendants, nor would it be proper for me to limit the Parole Defendants' attempts to defend the case against them because of the delay caused by Plaintiff's amendment and consequent timeliness concerns such a delay would cause the NYPD Defendants.  For these reasons, I deny Plaintiff's motion to amend.  *See, e.g.*, *Ansam*, 760 F.2d at 446 (finding delay "especially prejudicial given the fact the discovery had been completed and the defendants had already filed a motion for summary judgment"); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ. 11295(CBM), 2004 WL 169746, at *3–4 (S.D.N.Y. Jan. 28, 2004) (citing case law for the proposition that "courts often deny a

motion for leave to amend if discovery is complete or the parties have moved for summary judgment").

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion to amend his complaint is DENIED. The Clerk of Court is directed to terminate the open motion at Document 143.

SO ORDERED.

Dated: April 27, 2017
      New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge